UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

```
************************
R. ALEXANDER ACOSTA, Secretary of Labor,  *
United States Department of Labor,        *
                                          *
                    Plaintiff,            *
                                          *   CIVIL ACTION
         v.                               *
                                          *   NO. 2:19-cv-99
MAMA BATTAGLIA'S PIZZERIA, INC.,          *
d/b/a ATHENS DINER, APOLLO DINER,         *
ARCADIA DINER, ATHENA'S DINER and         *
HENRY'S DINER, and WILLIAM MAGLARIS       *
and NAOMI MAGLARIS,                       *
                                          *
                                          *
                    Defendants.           *
************************
```

U. S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
BY LAW 6/7/2019
DEPUTY CLERK

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5) (the "Act"), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 28 U.S.C. § 217, and by 28 U.S.C. § 1331.

1

II.

Defendant Mama Battaglia's Pizzeria, d/b/a Athens Diner, Apollo Diner, Arcadia Diner, Athena's Diner, and Henry's Diner (the "Corporate Defendants") are, and at all times hereinafter mentioned were, employers having an office and place of business at 46 High Point Center, Colchester, VT 05446, within the jurisdiction of this Court, and are now, and at all times hereinafter mentioned were, engaged at that place of business and other locations in the operation of restaurants. The Corporate Defendants employ, and have employed during the period set forth below, employees who work in the restaurants as cooks, dishwashers, servers, and hostesses. The Corporate Defendants have at all times hereinafter set their employees' method of compensation, policies regarding compensation, the terms and conditions of their employees' employment including hours worked, have supervised their work, and have hired and fired employees.

III.

Defendant William Maglaris resides at 155 Bank Street, Burlington, VT 05401, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, a principal, owner and primary manager of the Corporate Defendants. William Maglaris has at all times hereinafter mentioned, hired, fired and supervised employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay; his actions concerning pay policies affect the amounts of compensation received by employees. As such, he has actively managed, supervised and directed the day-to-day business affairs and operations of the Corporate Defendants. He has acted at all times material herein directly and indirectly in the interest of the Corporate Defendants in relation to their employees, and, therefore, is and has been an employer of said employees within the meaning of the Act.

IV.

Defendant Naomi Maglaris resides at 155 Bank Street, Burlington, VT 05401, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was primary manager of Henry's Diner. She has acted at all times material herein directly and indirectly in the interest of this business in relation to its employees, and therefore is and has been an employer of said employees within the meaning of the Act.

V.

The Corporate Defendants, William Maglaris, and Naomi Maglaris (collectively, the "Defendants") are, and at all times since November 26, 2012 were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

VI.

At all times since November 26, 2012, the Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Accordingly, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VII.

Beginning no later than November 26, 2012, the Defendants have willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying twenty-two of the affected employees listed in the attached Exhibit A

wages at rates less than the applicable minimum wage under the Act. The Defendants employed the twenty-two employees as servers at their restaurants, where the servers worked over fifty (50) hours per week. The servers were paid no wage at all, and instead only received tips. As a result, these employees' hourly rates of pay fell consistently below the Act's applicable minimum wage. Consequently, throughout the three-year period on which Plaintiff's investigation focused, November 26, 2012 through November 26, 2015, and thereafter until the Defendants are in compliance with the minimum wage requirements of the Act, the twenty-two employees have not been paid the minimum wage and are owed back wages and an equal amount of liquidated damages on account of the Defendants' violations of the minimum wage provisions of the Act.

## VIII.

Beginning no later than November 26, 2012, the Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed. Therefore, the Defendants are liable for overtime compensation owed to these employees and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c), as set forth below.

In particular, during the investigative period employees listed in the attached Exhibit A did not receive proper overtime compensation. All of these employees worked as servers, with the exception of two employees who worked as dishwashers, and they did not receive any overtime premium for hours worked over forty (40) hours per week. Employees worked at the Defendants' different restaurants but the Defendants did not aggregate the employees' hours across the restaurants for overtime purposes, resulting in overtime violations.

Consequently, throughout the three-year period on which the investigation focused, November 26, 2012 through November 26, 2015, and thereafter until the Defendants are in compliance with the overtime requirements of the Act, these employees have not been paid

proper overtime and are owed back wages and an equal amount of liquidated damages on account of the Defendants' violations of the overtime provisions of the Act.

IX.

Beginning no later than November 26, 2012, the Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. The Defendants' records failed throughout the period of the investigation to show adequately and accurately all employees' hours worked each workday and their total hours worked each workweek, including the failure to record employees' hours over 40 per workweek. The Defendants employed dishwashers, cooks, and servers who worked in excess of 50 hours per week. On at least two occasions, Defendant Naomi Maglaris destroyed time cards after paying employees in cash.

X.

The Defendants' violations of the Act, as set forth above, were knowing, deliberate, and intentional. Defendants knowingly caused Plaintiff's Wage and Hour Division to receive inaccurate documents during Plaintiff's investigation of this matter concerning hours worked by and compensation paid to the Defendants' employees. The Defendants also made requests of their employees to provide specific, inaccurate information concerning hours worked by employees to Plaintiff's representative during Plaintiff's investigation of this matter, demonstrating awareness of the Act's minimum wage and overtime requirements. Therefore, the Defendants were aware of the requirements of the Act during the period covered by this Complaint, and yet they knowingly violated those requirements.

XI.

During the relevant period beginning no later than November 26, 2012, the Defendants willfully and repeatedly violated the aforesaid provisions of the Act, as alleged.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding the Defendants liable for unpaid back wages due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid wages found due; alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding Plaintiff the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

                Kate S. O'Scannlain
                Solicitor of Labor

                Maia S. Fisher
                Regional Solicitor

                /s/ Marjorie A. Butler
                Marjorie A. Butler, Esq.
                Counsel for ERISA

                /s/ Paul Spanos
                Paul Spanos, Esq. (Ohio Bar #0069269)
                Senior Trial Attorney

                U.S. Department of Labor
                Office of the Solicitor
                John F. Kennedy Federal Bldg.
                Room E-375
                Boston, MA  02203
                (617) 565-9034
                spanos.paul@dol.gov

Date:  May 24, 2019