UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

```
***********************
R. ALEXANDER ACOSTA, Secretary of Labor,   *
United States Department of Labor,         *
                                           *
              Plaintiff,                   *
                                           *   CIVIL ACTION
       v.                                  *
                                           *   FILE NO. 2:19-cv-99
MAMA BATTAGLIA'S PIZZERIA, INC.,           *
d/b/a ATHENS DINER, APOLLO DINER,          *
ARCADIA DINER, ATHENA'S DINER and          *
HENRY'S DINER, and WILLIAM MAGLARIS        *
and NAOMI MAGLARIS                         *
                                           *
                                           *
              Defendants.                  *
***********************
```

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, has filed a Complaint and Defendants have received a copy of Plaintiff's Complaint and waived service of process. Defendants also acknowledge assessment by Plaintiff of civil money penalties and have received notice and service of the issuance of the civil money penalties, and waive exception to those civil money penalties, all under Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4 and 580.1–580.18. Defendants neither admit nor deny the allegations of the Complaint. The parties acknowledge that this Consent Judgment does not constitute an adjudication on the merits as to any claim or defense asserted, or as to any issue of fact or law. The Court finds that it has jurisdiction to enter this Consent Judgment and Order, and Plaintiff and Defendants agree to its terms.

JUDGMENT ENTERED ON DOCKET
DATE: June 11, 2019

It is, therefore, ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act pay any employee who, in any workweek, is employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at less than the applicable minimum wage.

Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the employee's regular rate of pay.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

Defendants shall not, contrary to section 15(a)(3) of this Act, discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding.

Further, the Court, finding that the employees are due compensation in the amount of $57,705.70 (inclusive of gross back wages and liquidated damages), as shown on attached <u>Exhibit A</u> which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED, and DECREED that Defendants, jointly and severally, shall pay said compensation, plus 1% per annum interest, compounded annually, on any unpaid balance, in accordance with the terms set forth herein. Defendants represent that they have been in compliance with the Act since October 4, 2015. In resolving the amount of back wages and liquidated damages in this judgment, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The back wage and liquidated damages provisions of this judgment shall be deemed satisfied when Defendants deliver to Plaintiff $28,852.85 in gross back wages, plus 1% per annum interest, compounded annually, on any unpaid balance, from which deductions for Defendants' employees share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax for which the employees shall be responsible, and $28,852.85 in liquidated damages, plus 1% per annum interest, compounded annually, on any unpaid balance, none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

It is also ORDERED, ADJUDGED and DECREED that Defendants shall pay, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e),

and 29 C.F.R. §§ 578.1–578.4, in the amended amount of $27,582.50, plus 1% per annum interest, compounded annually, on any unpaid balance, to the Wage and Hour Division.

Defendants shall pay back wages and liquidated damages, plus 1% per annum interest, in the form of a certified check in the amount of $57,705.70, made payable to "Wage and Hour Division—Labor" with Case No. 1769925 written on the face of the check, which shall be transmitted to Plaintiff on or before March 1, 2019. Alternatively, Respondent has the option to pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to www.pay.gov and searching "WHD BW Payment - NE Region," which shall be transmitted on or before March 1, 2019. Plaintiff shall distribute all back wages and liquidated damages to the employees listed in Exhibit A.

Defendants shall pay civil money penalties, plus 1% per annum interest, in the form of a second, certified check in the amount of $27,582.50, made payable to "Wage and Hour Division—Labor" with Case No. 1769925 written on the face of the check, which shall be transmitted to Plaintiff on or before March 1, 2019. Alternatively, Respondent has the option to pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to www.pay.gov and searching "WHD BW Payment - NE Region," which shall be transmitted on or before March 1, 2019.

If Defendants pay by certified check, each certified check described above shall be sent by Defendants directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: Mary Doughty

If Defendants pay by certified check, a copy of each check shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Manchester District Office, 1155 Elm Street, 5th Floor, Suite 501, Manchester, NH 03101.

On or before ten (10) days from the entry of this judgment, Defendants shall deliver jointly and severally to the United States Department of Labor at the Boston District Office of the Wage and Hour Division at the Boston, MA address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in <u>Exhibit A</u>, and each employee's current address and social security number (to the extent known by Defendants).

When recovered wages and/or liquidated damages have not been claimed by an employee within three (3) years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this judgment.  In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, PA address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated: ____June 11____, 2019

/s/ William K. Sessions III
_____
United States District Judge

Plaintiff moves for entry of this judgment:

KATE O'SCANNLAIN
Solicitor of Labor

MAIA S. FISHER
Regional Solicitor

_____    4/16/19
Paul Spanos                                       Date
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building, Room E-375
Boston, MA 02203
Telephone: (617) 565-2500
Facsimile: (617) 565-2142
E-mail: spanos.paul@dol.gov


Defendants hereby consent to the entry of this judgment:


Mama Battaglia's Pizzeria, Inc.

By its representative,

_____    4/3/19
Leo P. O'Reilly                                  Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com

6

Athens Diner

By its representative,

_____      4/3/19
Leo P. O'Reilly                            Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com

Apollo Diner

By its representative,

_____      4/3/19
Leo P. O'Reilly                            Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com

Arcadia Diner

By its representative,

_____      4/3/19
Leo P. O'Reilly                            Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com

Athena's Diner

By its representative,

_____       4/3/19
Leo P. O'Reilly                                        Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com


Henry's Diner

By its representative,

_____       4/3/19
Leo P. O'Reilly                                        Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com


William Maglaris

By his representative,

_____       4/3/19
Leo P. O'Reilly                                        Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com

Naomi Maglaris

By her representative,

_____        _____4/3/19_____
Leo P. O'Reilly.                                                    Date
O'Reilly & O'Reilly Business Services Inc.
550 Hinesburg Road, Suite 102
South Burlington, VT 05403
Telephone: (802) 859-0003
Facsimile: (480) 359-4091
E-mail: leo@vtsmallbiz.com